IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS J. E. SOUL** : | Civil No. 1:06-CV-2115 |
| Plaintiff, : | |
| : | JUDGE SYLVIA H. RAMBO |
| v. : | |
| : | |
| **MOVADO RETAIL GROUP, INC.,** : | |
| **RICK ABOUL HOSN, MAN CHOI,** : | |
| **VICTORIA CUMUYANI** : | |
| : | |
| Defendants. : | |

# M E M O R A N D U M

This case arises out of a dispute over whether Defendants, Movado Retail Group, Inc., Rick Aboul Hosn, Man Choi, and Victoria Cumuyani have discriminated against Plaintiff Thomas J. E. Soul on the basis of his age and national origin. Soul worked for Movado and with the other Defendants at Movado's retail store at Tysons Corner Center, in McLean, Virginia. Soul seeks relief for alleged discrimination based on his national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), and age discrimination under the Age Discrimination in Employment Act ("ADEA"). Specifically, Soul claims that the individual Defendants frequently verbally harassed him with comments regarding his being an older, white American - characteristics different from the individual Defendants in this suit.

Defendant Movado filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative, to

transfer venue pursuant to 28 U.S.C. § 1406(a).  (Doc. 12.)  Movado argues the claim should be dismissed because proper venue does not lie in the Middle District of Pennsylvania in accordance with Title VII's venue provisions.  The court will also address proper venue for Soul's ADEA claim.  Because it concludes that venue is not proper in the Middle District of Pennsylvania, and the interests of justice so require, the court will transfer this case to the Eastern District of Virginia.

## I. Background
### A. Factual Background

Movado is a corporation that operates Movado Boutiques in upscale malls and shopping outlets selling Movado brand watches, jewelry, and other products. (Doc. 12-1 ¶ 3.)  Movado maintains a store at Tysons Corner Center in McLean, Virginia, and has its corporate headquarters and principal place of business in Paramus, New Jersey.  (*Id.*)  Soul was hired by Movado on October 5, 2004, as a sales associate in the Movado Boutique in Tysons Corner Center.  (Doc. 12-2 ¶ 5a.)  Soul worked at the Tysons Corner Center store throughout his employment with Movado.  (*Id.* ¶ 5b.)  Soul was terminated by Movado on or about January 31, 2005.  (*Id.* ¶ 5c, 6.)  Soul claims that, while employed by Movado, the individual Defendants  treated him in a discriminatory manner because of his age and national origin.  (Doc. 1 ¶ 3.)  Movado contends that Soul was terminated for an altercation with a customer and had he not been terminated, Soul would have continued to work at the Tysons Corner Center store.  (Doc. 12-1 ¶ 5, 7.)  Movado asserts that it maintains no employment records relating to Plaintiff in Pennsylvania and that all

records are located in New Jersey with possible duplicates located in McLean, Virginia. (*Id.* ¶ 8.)

### B. Procedural History

Soul filed his amended complaint on November 13, 2006. (Doc. 6.) Movado filed the instant motion to dismiss on January 22, 2007. (Doc. 12.) The motion has been fully briefed and is ripe for disposition.

## II.    Legal Standard - 12(b)(3) Motion to Dismiss or Transfer

Venue is "[t]he proper or a possible place for a lawsuit to proceed." *Black's Law Dictionary* 1591 (8th ed. 2004). Generally, venue is governed by the broad provisions set out in 28 U.S.C. § 1391. *See In re Automotive Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 295-96 (3d Cir. 2004). However, if a statute contains a specific venue provision, that statute governs and § 1391 is displaced. *See* 28 U.S.C. § 1391 (prescribes venue unless "otherwise provided by law"). Federal Rule of Civil Procedure 12(b)(3) provides a defense if venue is improper or inconvenient in the plaintiff's chosen forum.

If the court determines that venue is improper it must either dismiss the case or, in the interest of justice, transfer the case to the district where it could have been brought. 28 U.S.C § 1406(a). Whether to dismiss or transfer is within the broad discretion of the district court. *In re United States*, 273 F.3d 380, 387 (3d Cir. 2001). Generally, the "interest of justice" requires the court to transfer rather than dismiss the case. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962). This is especially true with *pro se* plaintiffs in civil rights cases. *See Holley v. Dep't of*

*Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999); *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296-97 (3d Cir. 1994).

### III.     Discussion

Movado argues that venue is improper in the Middle District of Pennsylvania and should be transferred to the Eastern District of Virginia. It asserts that the statutory venue provision in Title VII lays venue in the Eastern District of Virginia, not in the Middle District of Pennsylvania. Although Movado does not address the issue, the court will examine proper venue for Soul's ADEA claim.[1] On these facts, venue is improper in the Middle District of Pennsylvania. The court will transfer this case to the Eastern District of Virginia.

#### A.     Venue Under Title VII

Title VII's statutory scheme contains a specific venue provision. 42 U.S.C. § 2000e-5(f)(3). This section governs and the general venue provisions under § 1391 do not apply. *See Pierce v. Shorty Small's of Branson Inc.,* 137 F.3d 1190, 1191 (10th Cir. 1998); *Thurmon v. Martin Marietta Data Sys.*, 596 F. Supp. 367, 368 (M.D. Pa. 1984).

Venue is proper for a Title VII claim:

> in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the

---

[1] As a general rule, venue must be established for each claim in a complaint. *See Lamont v. Haig,* 590 F.2d 1124, 1135 (D.D.C. 1978). When a plaintiff's complaint includes a Title VII claim, as well as an ADEA claim, "courts have consistently transferred the entire action to the district where venue is proper for both claims." *Kravitz v. Inst. for Int'l Research*, No. 92-5045, 1993 U.S. Dist. LEXIS 15669, at *8 (E.D. Pa. Nov. 3, 1993) (citations omitted); *see also Archuleta v. Sullivan*, 725 F. Supp. 602, 606 (D.D.C. 1989).

>aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

§ 2000e-5(f)(3). This scheme represents Congress's intent to limit venue in Title VII cases to the jurisdiction in which the alleged discrimination occurred. *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969).

Title VII's first venue provision allows a claim to be brought in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." § 2000e-5(f)(3). Soul claims the alleged discrimination occurred at his place of employment at Tysons Corner Center in McLean, Virginia. (Doc. 6 ¶ 2.) Soul does not allege that any act of discrimination occurred in Pennsylvania, thus venue is not proper in the Middle District of Pennsylvania.

Second, venue is proper "in the judicial district in which the employment records relevant to such practice are maintained and administered." § 2000e-5(f)(3). Soul does not allege that his Movado employment records are maintained or administered in the Middle District of Pennsylvania. Movado, however, states that such records are maintained and administered at its corporate headquarters in New Jersey. (Doc. 12-1 ¶ 8.) Some duplicates exist in McLean, Virginia. (Doc. 12-1 ¶ 8.) Again, venue is not proper in this court's district.

The third provision lays venue "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." § 2000e-5(f)(3). The amended complaint does not claim that but for the alleged discrimination, Soul would have worked for Movado in the Middle District

5

of Pennsylvania.[2] Nothing demonstrates that Soul would have worked anywhere but at the Tysons Corner Center store in McLean, Virginia. Therefore, venue is improper under this prong because Soul has failed to show that he would have worked in the Middle District of Pennsylvania, but for the alleged discriminatory acts in the Eastern District of Virginia.

The last permissible venue location for a Title VII claim is triggered if the defendant cannot be found in a proper district under the first three provisions. As demonstrated, venue is proper in the Eastern District of Virginia and the District of New Jersey. Movado may be found in both of those districts. Thus, the court need not address the final venue provision.

Accordingly, venue for Soul's Title VII claim is improper in the Middle District of Pennsylvania. The facts alleged support proper venue in the Eastern District of Virginia.

### B.     Venue Under the ADEA

The ADEA does not contain a specific venue provision. Therefore, venue for ADEA claims are governed by the general venue provisions of 28 U.S.C. § 1391. Because Soul has brought this case based on federal question jurisdiction § 1391(b) applies. *See generally* § 1391(a) (venue for diversity cases) & (b) (venue for cases not founded on diversity jurisdiction).

---

[2] Soul asserts in his response to the motion to dismiss that if he continued working for Movado, he would have requested a transfer to its store in Lancaster, Pennsylvania. (Doc. 18.) As an initial matter, Lancaster is in the Eastern District of Pennsylvania, not the Middle District of Pennsylvania. Further, even if Lancaster were a part of the Middle District, Congress used the article "the" rather than "a," modifying "judicial district" in the statute. *See James v. Booz-Allen*, 227 F. Supp. 2d 16, 23 (D.D.C. 2002). This language more "strongly suggests that the statutory requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take him." *Id.* (citations omitted).

Section 1391(b) states:

[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Under the first subsection, venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." § 1391(b)(1). Soul does not allege that all defendants reside in the Middle District of Pennsylvania. Therefore, venue is not proper here.

The second subsection, in pertinent part, denotes proper venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." § 1391(b)(2). Soul claims the alleged discrimination occurred at his place of work at Tysons Corner Center in McLean, Virginia. (Doc. 6 ¶ 2.) Soul did not allege that any of the discriminatory acts occurred in the Middle District. Thus venue is proper in the Eastern District of Virginia – not the Middle District of Pennsylvania.

The third subsection provides proper venue in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." § 1391(b)(3). As determined under § 1391(b)(2), venue is proper in the Eastern District of Virginia. Therefore, § 1391(b)(3) is not applicable.

Under the ADEA, venue is not proper in the Middle District of Pennsylvania. In accordance with § 1391(b)(2), venue is proper in the Eastern District of Virginia – the district where the alleged discriminatory acts giving rise to the claim took place.

### C. Transfer

The court concludes that venue for this case does not lie in the Middle District of Pennsylvania. Pursuant to Title VII, the ADEA, and 28 U.S.C. § 1406(a), and in light of Soul's status as a *pro se* plaintiff with civil rights claims, it is in the interest of justice that this court will transfer this case to the Eastern District of Virginia rather than dismiss.

### IV. Conclusion

For the foregoing reasons, the court will deny Movado's motion to dismiss but will grant its motion to transfer this case to the Eastern District of Virginia. An appropriate order will issue.

> s/Sylvia H. Rambo
> SYLVIA H. RAMBO
> United States District Judge

Dated: April 10, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS J. E. SOUL** | : Civil No. 1:06-CV-2115 |
| Plaintiff, | : |
| | : **JUDGE SYLVIA H. RAMBO** |
| v. | : |
| **MOVADO RETAIL GROUP, INC., RICK ABOUL HOSN, MAN CHOI, VICTORIA CUMUYANI** | : |
| Defendants. | : |

# O R D E R

For the reasons stated in the accompanying memorandum of law, **IT IS HEREBY ORDERED** that:

1) The motion to dismiss or transfer venue by Defendant Movado Retail Group, Inc., (Doc. 12-1) is **DENIED in part** and **GRANTED in part.**

　A) Defendant's motion to dismiss is **DENIED.**

　B) Defendant's motion to transfer is **GRANTED.**

2) The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Eastern District of Virginia.

3) The Clerk of Court is directed to **CLOSE** this file in this district.

　　　　　　　　　　　　　　　　　　s/Sylvia H. Rambo
　　　　　　　　　　　　　　　　　　SYLVIA H. RAMBO
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: April 10, 2007.